The judgment of the court was pronounced by
Preston, J.
In December, 1848, the parties to this suit entered into the following contract: “It is understood and agreed between James H. Stephens and Harvey Chamberlin, as follows: J. H. Stephens sells to said Chamberlin certain lands, (decribing them) containing in all 706 83-100 acres more or less, and to make title to him, or in the name of such person as he may designate; for which said Chamberlin is to pay him two thousand seven hundred dollars. Nine hundred dollars of which is to be paid by an accepted draft, on or before the 15th of February next; nine hundred dollars by note payable the 15th of February, 1850; and like sum on the 15th February, 1851, with eight per cent interest from date until paid. For said notes, the land is to remain mortgaged. In testimony whereof, we hereunto sign our names, this 7th day of December, 1848, in duplicate; one to be held by each of us.
“ J. H. Stephens. Harvey Chamberlin.”
This suit is brought to enforce the payment of the second installment, with the privilege of vendor on the land, and the plaintiff asks that the land be sold to satisfy this and the last installment of the price.
The plaintiff alleged that he had offered to make title according to his contract, and that the defendant refused to name any person to receive it.
*657 The defendant filed an exception that the suit was premature, because the plaintiff had never executed the conveyance referred to in his petition, and that no contract of sale had been entered into, as there can be no sale without a vendor and vendee. He further excepted that the plaintiff could not maintain his action, because he had never legally put the defendant in default by tendering him a title to the property; for which reasons he asked that the suit should be dismissed.
For the purpose of trying the exception at least, it was admitted that the plaintiff had made no tender of the conveyance contemplated in the agreement to the defendant. And thereupon the district court rendered judgment, that the case be dismissed at the plaintiff’s cost, he having instituted his suit without putting the defendant in default.
The contract on which the suit is instituted is in terms a sale, and not an agreement to sell; but if considered, as in the argument, a mere agreement to sell, our Civil Code declares that the “sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and the price thereof.” Art. 2431. And that even “a promise to sell amounts to a sale, when there exists a reciprocal consent of both parties as to the thing and the price thereof.” Art. 2437. In this case, the agreement was clothed with the formality required by article 2415, for the sale of real property. The Supreme Court have often held that such an agreement as was reduced to writing and signed in the present case, is a sale, and constitutes a complete title to the vendee. Joseph v. Moreno, 2 L. R. 460. Barrett v. His Creditors, 12 R. R. 478. Crocker v. Neely, 3 N. S. 583. Pignatil v. Drouet, 6 N. S. 432.
The formal conveyance, which the plaintiff undertook in the agreement to make, was not essential, but only incidental to the defendant’s title. The defendant could demand it at any time, and if not made, could enjoin the payment of the price and recover damages.
The art. 1907 of the code is applicable only to the performance of those things which are of the essence of commutative contracts, not to those which are mere incidents, as the execution of an authentic title before a notary, which the vendee must demand if he wants it. Thus, a promise in the sale to survey and point out the boundaries of the land is an incident to the sale, the performance of which the vendee must demand, and cannot refuse payment of the price because the vendor has not tendered to do it. Snow v. Trotter et al. 3d Ann. 269.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be reversed; that the exception of the defendant be overruled ; that the cause be remanded for further proceedings according to law, and that the appellee pay the costs of this appeal.